Case No. 13-5943, Roslyn Currier v. First Resolution Investment Corp. Oral argument not to exceed 15 minutes per side. James Hayes Lawson for the appellant. Good morning. Up here? Yeah. Good morning, Your Honors. I've reserved five minutes for rebuttal. Very well, Mr. Lawson. You may proceed. The case here presents a very simple issue, whether or not filing a judicial lien on a non-final judgment in Kentucky constitutes a violation of the Fair Debt Collection Practices Act. The lien itself, the underlying state court judgment, was non-final for two reasons. One, after we filed the CR 5905 motion, the judgment by operational law became non-final, non-enforceable judgment. Under CR Kentucky Civil Rule 6201, the enforcement of judgment stayed pending resolution of the 5905 judgment. The district court below didn't address the issue of whether or not the judgment itself was non-final. It went straight to the issue of whether or not the complaint had stated a cause of action for a violation of the FDCPA. I believe the clearest violation is of 61692E5, which is the threat to take an action that cannot be legally taken. The district court judge looked at the judicial lien as the completed action, but the lien itself is a threat to take an action that cannot be legally taken. It represents a threat to the debtor to seize and sell the debtor's property. So the lien itself does constitute a threat. It's also, of course, a tool meant to induce payment of the debt. The judicial lien gets recorded on consumer credit reports, which is in the public records section, which is some of the most damning and derogatory information that can be recorded on a credit report. The judgment would be recorded on the credit report, too, wouldn't it? Yes, sir. Your argument is the lien, but the judgment was there until it was set aside by the state court. I don't know that that is true. Why wouldn't the judgment be on a credit report? It sounds like that's a negative credit rating. The credit reporting agencies have their own agents and people that scour records to report to the court. When we filed the 5905 motion, the judgment is non-final, and I don't know if those people take that into consideration when they report to the credit reporting agencies. You waited seven days before you filed the motion to set aside the judgment, so the judgment's there for at least seven days, I suppose. We filed the CR 5905 motion. We mailed it out on the 4th. The judgment, I think, was entered on the 1st, and the 5905 motion was recorded in the court on the 5th. So, I mean, we acted as promptly as we could. And you're correct, I don't know whether or not the judgment itself would be recorded by the consumer reporting agencies. Okay. I mean, my real question is that the other side says that, you know, a technical violation of state law is not per se a violation of the federal law of the Fair Debt Collection Practices Act and that we have a lot of cases that say that a state law per se, by itself, is not a violation of the Fair Debt Collection Practices Act, that you need something more. And the Act specifies that it has to be an unfair or unconscionable means of collection. So, how do you respond to that, that really all you're arguing is a technical violation of the Kentucky procedural rules of 7 days as opposed to 10 days? Well, you know, some states may have 5 days, some days, Michigan, everything's 7 days. We don't have any 10-day rules anymore. But you're really just arguing a per se technical violation of Kentucky law, that you don't really have anything that establishes unfair and unconscionable means, and that's what you need. Well, that's under F. Under E, you know, the misleading representation to collect debt, you know, it's a different standard. But, I mean, I would think any violation of a state law, when that violation is taken to collect debt, would fall under the FDCPA. I mean, if it's not… Would it be a per se violation? Well, in a case like this, where the violation is an attempt to collect a debt, you know, the filing of a judicial lien is not some minor technicality. It is a major event that occurs, especially when somebody has real property, that can very adversely affect them in many, many different ways, in addition to just the consumer report. So, I mean, I don't think it's just a mere technical violation. I mean, the default judgment was set aside. The judgment was never final. So, you know, the rules are in place for a reason. And I think that this is not just, you know, a mere technicality. But, I mean, it's, you know, if we step back, I mean, if they filed the judicial lien before they got a judgment at all, I mean, I would think that would be a clear violation of the FDCPA. I mean, you know, we're talking about the same law, but, you know, you're saying that I have a judgment, I have a final judgment against you, and you're announcing that to the entire world when that gets filed at the clerk's office. I don't see this as much different. The judgment here was never final. The judicial lien statute requires a final judgment. It falsely represents the fact that they do have a final enforceable judgment. It operates as, you know, something that goes under a consumer report. If she had property to sell, they would have to deal with that lien first. If they were looking to purchase property, they would have to deal with that lien before they could purchase property. So, I mean, the judicial lien itself is a major event, and it's not just a minor technicality. I'm curious about the provisions that you raised that were not discussed below. I think it's E2A, that's the false representation, E4, representation that nonpayment would result in a sale, E10, which all three of those seem to have some fit within this case. But let's assume that we don't take those up because they weren't specifically discussed below. How do they inform our analysis of the claims that you did make below? I'm sorry, I don't quite understand the question. Do you have an argument as to what the presence of those claims in the Act means about the purpose of the Act? Well, yeah, okay, thank you, Your Honor. I think, you know, especially E4, you know, talks about, pretty much addresses the situation is where, you know, that you can't threaten or you can't take action to dispossess property unless you have the legal right to do so. So I think that indicates that that's a clear violation of Section E and that that's a false or misleading means to collect debt. I'm just trying to remember the text of the statute. Does it matter? Just to rephrase that, did you plead a violation of that? I did not. We pled a violation in the entire FDCPA, including but not limited to three sections, F1, F, and E5. Did you argue those other sections below? I did not, you know. So they're really not before us then, right? I don't, you know, I'm not clear on the standard of review on a motion to dismiss in federal court. You know, as I understand it, the burden never shifts to the plaintiff. You know, the burden stays and remains with the party moving to dismiss the complaint. And I'm not sure that what has to be argued below, if anything, to preserve an issue on appeal. I mean, the additional claims that are made on E4, E2A, are all based on facts in the complaint, allegations in the complaint that are supported by the complaint. There's nothing that's outside the complaint that's raised there. And I would think under no vote review that this court could consider that. Basically, your position is a technical violation of state law would constitute an unfair and unconscionable practice under the Federal Fair Trade Debt Collection Act. No, not at all. It's not. I don't see this. Okay. Well, I mean, you're saying it's a violation of state law. Hence, it violates federal law. I mean, that's all I hear you saying today. It's an attempt to take an action that cannot be legally taken. Because it violates state law. Okay. I don't see you say anything other than that. But the text… It's an attempt to collect that violates state law. Hence, it violates the Federal Fair Debt Collection Practices Act. But the text itself says an action that cannot be legally taken. Almost by definition, that's going to refer back to state law, what can legally be taken in terms of collection of debt. So, you're saying this is more than a technical violation. But I'm just… The next case, if we did have a technical violation, under your theory, that would violate federal law, wouldn't it? I don't know what that case would be. I don't know. But this was an action that cannot be legally taken. You have to refer back to state law to see what can be legally taken. And then, you know, you can't… Under state law, you cannot legally sell property based on… You can't use a non-final judgment to foreclose on property. And that's what… itself waived the 10-day requirement by having specific language in the judgment itself that execution may be taken forthwith. And that that showed that the normal 10-day waiting period for it to be final was not intended by the judge. The judge intended it to be final as it was issued. And there are judgments that are effective when they're issued. I mean, usually emergency-type things. But why isn't that a plausible defense here to the 10-day rule, in fact? Once the 5905 motion was in place, under CR 6201, that judgment is state and cannot be enforced. Well, okay. So, from the 1st to the 5th, was the lien legal? I don't believe so. I don't believe it was. I believe that, you know, in the 426030 language, when it talks about final judgment, it means a judgment that is final after 10 days within the meaning of construction of Kentucky law as set forth in the Harris case. I realize that there's going to be an argument as to what final judgment means in terms of the lien statute, what that word final means. There's two different possible meanings of final. But in any event, when the motion was filed, that took care of it. Yes, Your Honor. And do you claim that this is an unfair practice simply because it's illegal? You know, I think it's unfair. You know, not just because it's illegal, but because of, you know, the detrimental effects of what it's done. You know, I mean, clearly filing a lien is meant to coerce payment. You know, it's a major event, you know, to a person, especially a person with property. You know, it's not just, you know, a matter of, you know, moving for judgment like a day before, you know, the day for service of an answer is filed or something like that, something that would be more of a technical violation. And, you know, the filing of a judicial lien is, you know, it's a huge black mark on the debtor. You know, it's a huge burden to the debtor, especially, you know, in certain circumstances. So I don't think the filing of a judicial lien on a non-final judgment is a minor technicality or a technicality at all. I think it's, you know, I think it's, you know, it violates Kentucky law, and it's a threat to take an action that cannot be legally taken, which is to foreclose on property based on a non-based on what is represented as a final judgment, but what is, in fact, a non-final judgment. Okay. And then did you, was this motion argued orally below, or was it a ruling on the briefs? It was on the briefs. There was no oral argument. Did you make this argument below? As to E-5? Well, even without using the word E-5, did you make the argument that it's an attempt to collect a debt in a legal fashion or anything like that? I do not think I made that precise argument. But once again, you know, on the de novo review, I don't see that that's required to argue that up here. That, you know, if it's a de novo review, if I never have the burden of any kind of production or any kind of argument below, I don't see that how I have to, what I have to make to preserve the issue for appeal up here. Well, normally to preserve an issue for appeal, you have to make it below. That's all. I understand that, Your Honor, but with the motion to dismiss, you know, and I'm coming from the state court, mainly practice, where, you know, it's evidently much more. My position is you have to stand on your complaint, period. Yes, Your Honor. You have to what? You have to stand on your complaint because that's what's challenged. Yes, Your Honor. Okay, anything further? No, Your Honor. Thank you very much. All right, you'll have your five-minute rebuttal, Mr. Lawson. You may proceed. Your Honors, I'm John Tarter. I'm from the law firm of Mayfather & Mayfather in Louisville, Kentucky. I represent First Resolution in this matter, as you know. First Resolution takes the position that the dismissal should be affirmed on two grounds. One, the complaint fails to plead the existence of a state law violation. Two, there isn't any independent act or behavior here other than the argument pertaining to state law, which relates to untoward behavior or unfair or unconscionable means to collect the debt. There's just nothing, there's no extra here. There's not something extra that would beget jurisdiction under the FDCPA. Well, I don't understand that. I mean, your client filed a lien when it had no authority to do so, which is, I mean, that's an act that has consequences to the debtor. Well, we do respectfully disagree with opposing counsel that the judgment in this case was non-vile. There was a stay in place with regard to execution, but the complaint does not state that the debtor even owns real estate, Your Honor, which would be a necessary burden on their part. I'm sorry, the what? Well, the complaint doesn't state that the debtor even owns real estate, and our position would be there really wouldn't be an execution if the lien were filed during a stay because there's nothing to which the lien would attach. That's part of what we're talking about. Doesn't the FDCPA address unfair collection procedures? Oh, absolutely. And doesn't it list some of the specific factual circumstances that are found in the act to be unfair? It does. All right, so one of them is it's unfair to send collection mail via postcard, right? Yes, that's a section not pled in the complaint. That's not the question here. The question is what does the FDCPA cover? Yes, ma'am, I understand. So it covers some collection by sending a postcard in the mail where people can see the collection efforts.  Because they're out in the mail. What is the difference between that and filing a public record that is a lien? Well, the distinction here exists in Kentucky law. In Kentucky, you have Section 426.030, which governs how a judgment becomes final, which was discussed with opposing counsel at length with Judge Griffin. I want to hear that argument, but I think my question is different. My question is the act gives us examples of what is unfair. And one of the examples is making a public display of collection. And it's simply by sending a postcard. Maybe the postman sees it. Not many people do. So I'm asking you, why is it not obvious that filing a lien on a public record is also a public exposure of an attempt to collect? In this instance, it is not. And it is not because of the application of KRS 426.720, subsection 1, which states, Your Honor, that the judgment itself becomes the lien. The remainder of the statute… on October 1, and then October 5, the motion to stay that was filed. But you didn't remove your lien until November 5. So you had a month of a public lien without the basis to have it. Well, but the judgment was also a record, as Judge Griffin pointed out. The judgment lien did not contain any misrepresentation regarding the debt that was due. So you could go out and file a lien on any non-final judgment. You don't have to have a judgment. No, that's not the position of the appellee here. The position of the appellee is that there wasn't any misrepresentation here with regard to the information in the notice of judgment lien, in that it mirrored exactly the judgment that was already of record. But the judgment record had been stayed by the motion to vacate filed on October 5, and then the court stated by your rules, and then on October 29, the court ruled from the bench that the motion to vacate was granted. So it was stayed until heard, granted upon hearing, and yet you've left the lien there the entire month. I don't understand how that does not fit within the parameters of unfair efforts of collection that expose a person to public information regarding collection of a debt. Well, respectfully, Your Honor, I would disagree with the analysis in that these facts demonstrate what may be a violation of state law. In the Seventh Circuit in Beeler v. Blatt, Hassen-Miller, and Kurski, the case that's cited in my brief, there's some discussion of the issue of whether or not an FDCPA violation can be piggybacked upon a violation of state law. In this particular instance, it really should not be, because as in the Beeler case, there is absolutely no representation here that was false with regard to the debt that was due. The judgment was still in place until it was vacated by the court for the Rule 59 motion in November. Was the judgment still a public record? Still a public record. During the time the motion to vacate was pending? Yes, sir. So the public record showed not only the judgment, but also the judgment lien at the same time? Yes, sir. And your argument was it was a final judgment because that language of execution forthwith, right? Yes, sir. And I don't know Kentucky law or not, but that may or may not have some credence to it. I mean, there are judgments that are issued forthwith and become final at the date of entry, aren't there, in Kentucky? Yes, sir. The fact is provided for by KRS 426.030. This particular judgment does contain finality language. The NJL could have been involved. They'll say it's a final judgment. It is. The judgment itself says it's final. It does. So then why did you have to take the lien off at all? Because the judge ruled at the hearing on October 29th that granted the motion to vacate, right? Well, another point. You contested the motion to vacate the lien, contending it was a final judgment. I mean, and you had at least a plausible argument, I think. Yes. But you lost. And once you lost, you vacated the lien even before the order was entered. You released the lien November 5th, but the order was not even issued until November 7th. So you released it two days before the court entered its order, right? Yes. Isn't the problem with that argument that the motion to vacate the default judgment stays it and you filed your lien after that? Well, in this particular instance, the motion and the issuance of the notice of judgment lien crossed in the mail. We also have Jackson County, Kentucky, where the county clerk's office is located. We have a period of time during which the documents are in transit in mail. They also cannot interfere with the clerk's duties with regard to recordation of documents that it receives. So we have a period of time after the notice of judgment lien would have actually hit the record before we could have released. But the bigger issue here is that there's a fully adequate state remedy for this. If the debtor alleged injury as a result of the attachment of this lien to real estate that she owns, not pledging her complaint, she could have asked the state court for an order compiling the release of the lien. She could have asked for damages pursuant to Carriage 411-080. Does that mean that she can't ask for relief from the fair debt collection practices? Well, I believe it does, Your Honor. And the reason I say that is because the lien itself doesn't contain any separate misrepresentation regarding the debt that is due. And furthermore, the state remedies for the… Mailing of a postcard in an effort to collect? If it contains false information, absolutely. But if it contains… So you're trying to limit the FDCPA's sending collection mail via postcard to only truthful statements? Well, if there are truthful statements… What you're talking about is a strict liability portion of the statute, which isn't an issue here today, and I do understand the distinction that you're making. However, in this particular instance, my point, Your Honor, is simply this. If there's an adequate state remedy and there's no misrepresentation or untoward behavior with regard to the effort to collect the debt through the judicial process that's provided for by the Kentucky Revised Statutes, then why isn't the state remedy adequate? Why should there be an overlay of federal jurisdiction? Why should a federal… Well, I guess that's a congressional question, isn't it? Well… They get to make that call, and they did. And they passed the law, so any person who feels that your actions or the actions of collection have violated that law has a cause of action. Well, I disagree with your respect, Your Honor, that Congress allows a consumer to go that far. In every single instance in which there may be a violation of state law and in which there is an adequate and full state remedy, there doesn't necessarily exist a collateral, parallel cause of action for a violation of federal law. It doesn't necessarily, but there might. And that's the issue. It is the issue. I mean, it's no argument to say there's an adequate state remedy. There may or may not be. It's irrelevant. The question is whether this is a violation of federal law. Now, it's relevant that it violates the state law, but it's not dispositive one way or the other. So you've got to look at whether this is an unfair practice or an illegal attempt to collect a debt. Yes, ma'am. I agree with that statement. And I think the Court's opinion in the Goynis case is right on point with regard to this because it illustrates what's required in addition to a violation of state law in order to get a FDCPA claim. In Goynis, as the Court will recall, there was an affidavit filed with a complaint which represented that the creditor was entitled to recover attorney fees, not recoverable under Ohio law. In that particular instance, although the creditor had a right to file that affidavit and a duty to do so with regard to the proof of the existence of its debt and the basis for its allegations, it went one step too far because it made a representation to the debtor that he was going to have a continuing obligation to pay attorney fees in the event that the litigation continued. False under Ohio law. Here we don't have that. All we have is a notice of judgment lien which mirrors the final judgment that had been previously entered. We don't have any allegation in the complaint that there's anything false about the NJL. All we have in the complaint is an allegation that is filed improperly. And I would respectfully submit to the panel that the State Court is fully prepared, fully adequately able to deal with an issue like that. And what does the judgment lien say? Well, the judgment lien contains all the information that's required by the KRS statute which governs it. It is, in fact, a mirror of that statute in many respects. It includes exemptions that might apply in the event that the debtor owns real estate to which a lien would attach. In this particular instance, there was never an objection to the NJL and the State Court whose auspices it was issued to any of the contents of the lien, nor was there any allegation that a lien improperly impacted this lady's ability to convey property, to purchase property, or otherwise with regard to any property that she owns. Maybe you were just lucky, but did you have a right to execute on that judgment? While the judgment was stayed, technically, no. What do you mean by technically? Technically, no. Technically, if there was an authority which recognized the existence of a violation of CR 59 and CR 62 in the event in which an NJL and a motion for post-judgment release crossed in the mail, which there's not, technically there would be a violation of the civil rules. That's a yes, right? Yeah, I said yes at the beginning. Okay, you did not have a right to execute, right? And yet you were telling the world that you did. And you were telling the debtor that you did. Well, at the time that the NJL was issued, we didn't have notice or knowledge of the existence. That's a question of fact. I mean, it was November by the time it came off. It was. Okay. But the bigger question is whether or not that would be an FDCPA claim, and my client's position is that it would not because there was nothing false about the conduct involved. Except the statement that you had a right to execute. At the time that the NJL was issued, that statement was accurate. Not by October 5th. Four days afterwards. If we had knowledge of the existence of the motion, we would not have filed the NJL. Yeah, but you're the collector, and I guess what I'm struggling with is that the Fair Debt Collection Practices Act was put in for a purpose, and you can see that by the standard. It creates a least sophisticated consumer standard, and that's how you judge it. And so the question to you would be, would the least sophisticated consumer who opened the public records of Kentucky think that there was a valid lien on this property, on the Currier properties? And I'm struggling to understand how you could say that someone, particularly the least sophisticated consumer, would not have believed that this was a valid lien and could be collected on. And that's, I think, the allegation that makes it fit within the Fair Debt Collection Practices Act. I understand your position, but the lien existed at the time the judgment was entered. The judgment was entered as a result of this lady's default. How would a notice of a lien that existed at the time that the judgment was filed mislead her anyway? She knows she owes the debt. Well, you're talking about promulgating it to the public. Isn't that the issue? And the question becomes, whose responsibility is it when you're collecting to be assured that you have an enforceable judgment? And it appears under the Fair Debt Collection Practices Act that that responsibility is yours. You could have a very simple rule in your execution. You could say, we don't execute on a judgment until it's 11 days old, period. That way you know you are functioning with a final judgment. This sort of thing would never happen. Or you check the court docket before you run to the courthouse. I mean, there are defendants all over the place who are charged with knowledge of what's in the court docket. You'd think that a company that was in the business of being in court all the time and getting judgments would check the docket. Well, all I can say in response to those statements, and in conclusion because my time is out, I could continue this discourse all day because I do enjoy it, but others have more important things to say, I'm sure. This judgment was of record and provided notice to all on October 1, 2012. Harris 426.030 contemplates execution may begin within the 10-day period of time in Kentucky. If the court so orders, this court ordered that, any and all forms of execution would have been appropriate within that 10-day period. Is it a violation of the stay whenever a motion for post-judgment relief and an NJL cross in the mail? Kentucky law doesn't answer that question, and that's their burden. That's their burden. There has to be some demonstration of the existence of a violation here. That mail was really slow, right? In eastern Kentucky, the clerks are even slower. Okay. I mean, we have to build that into the process as well. So you didn't get it until a month later, the mail? Excuse me? You didn't get the mail until a month later? No. Actually, we received it three days after the motion was filed. We received it October... On the same day you filed the... Yes, ma'am. That's correct. The same day? We received the... Well, we filed the NJL in the morning. We received the notice in the afternoon. That's... You're talking about the motion to... Yeah. Maybe somebody should have gone back to the courthouse. That would be a technical violation. Well, Kentucky doesn't recognize that duty. I mean, yes, it's a matter of good and proper practice, perhaps, if it were a perfect world and we could do everything correctly. But the reality is the law governs how judgments are to be collected, and we were in compliance with that law in Kentucky. The issue here relates to a separate procedural rule. Let me ask you a question. If what you're saying is true, then it would be proper to file the lien even after she filed that motion and to wait and see what the judge did. No. No, I'm not saying that. But you are saying that because you're saying that you had the judgment and the judgment was true. So it would be the same thing. You'd be saying, I have a judgment. Maybe execution has stayed, but I have a judgment. What I'm saying, and this will be my concluding remark, finally, sir, is simply this. Even if there's a violation of state law, that doesn't necessarily mean that there should be an overlay of federal jurisdiction and a federal remedy. There is fully adequate... It's a policy argument. It doesn't mean it, but is there. That's the question. And the Beeler case answers that in the negative. I understand if it's automatic. All right. Thank you, Your Honor. Any further questions at this time? No. But thank you. Thank you, counsel. All right, rebuttal, Mr. Lawson. You've got five minutes. Your Honor, a couple of just quicker points. One is this issue of the motion crossing in the mail. As you pointed out, Judge White, this is clearly a question of fact. I mailed it the morning of the 4th. It arrived in eastern Kentucky on the 5th and was recorded on the 5th. I mailed it from Louisville, Maypother's in Louisville. I don't understand why they wouldn't have got it by the 5th as well. But, I mean, that's a question of fact that can't be resolved on a motion to dismiss. As to the issue of whether the lien itself misrepresents the judgment or contains a material misrepresentation, it does. It represents that First Resolution has a final enforceable judgment against Ms. Currier that they're entitled to attorney's fees and cost, which they can't get absent a final judgment. It does contain a material representation. Well, okay, what about their argument? The judgment itself says it's a final judgment. The judgment itself says execution may issue forthwith. I mean, the state judge ruled against it. It said, no, this is not a final judgment. But to me, it certainly looks like a final judgment to me. I mean, what is wrong with that? The state judge might be wrong on it, but that's what the law of the case is now. But don't they have a decent position just based on the language of the judgment? I would cite the court to Atkinson v. Atkinson, 298 Southwest 3rd, 858, which states that a timely 5905 motion operates to stay the execution of any proceedings to enforce a judgment. Okay, but their argument is they have a final judgment. Therefore, they don't have to wait ten days to file the lien, that they can file the lien forthwith as the judgment itself says. So when they file the lien, what, five days later before they receive your motion to stay, what they did was totally legal, and therefore there's no state law violation at that point, and certainly there's no federal violation because what they did was consistent with Kentucky state law. The state judge ruled against them, but they're saying, you know, we had no intent and what we did was consistent with the judgment. I mean, what's wrong with that argument? Well, your argument is based on a factual inaccuracy. You say that the judgment lien was filed before the motion, the 5905 motion. Well, you say there's a question of fact whether they received it or not. Well, they received it, but it was definitely filed after that I filed the 5905 motion. Okay, so they filed the lien, that that itself would be a violation of the federal law? Yes. It would be? That sounds real technical to me, that without notice, without actual notice, without receipt of the motion that you're required to serve upon them, that without service of this motion, that they violate federal law without knowledge and without having been served with your motion that they're responsible for it. I mean, normally you require service. It served that motion, Your Honor. I served it on the 4th. Well, you mailed it. In Kentucky law, mail is service. Service is through the mail. They should have received it by the 5th, you know, and I think that's a question of fact whether they had noticed. There's nothing to establish that they did not have notice of that motion before they filed the judgment lien. The lien itself states it was mailed on the 8th, three days after the Jackson District Court clerk recorded the entry of the motion to vacate. I mean, that's a question of fact that can't be resolved on a motion to dismiss. I mean, there's nothing in the record to support that. I mean, this is just an argument that's been made here today and in the briefs, but there's no record to support that that's what happened. Is that the remedy you want is a factual finding, an evidentiary hearing, on whether they actually received your motion before they filed the lien, and that's your remedy here? No. No? No. What I'm looking for is for the court to hold that they violated the FDCPA. Well, if it's an issue of fact, we can't hold as a matter of law they violated it. If that's your interpretation of 426030. No, that's your argument. You just told me there's an issue of fact. If there's an issue of fact, we can't rule as a matter of law they violated the federal law. I was rebutting your argument, and you took the position that they didn't have notice. I'm just asking questions. Okay. I'm just saying that's where that's coming from is the fact that, and I'm sorry I get excited. I get very nervous when I argue, and if I seem confrontational, I apologize because I don't mean to be. But, you know, the question, you know, I think if it goes back to it becomes a jury question of whether or not they had notice. I think. I mean, your theory of the case, are you telling me your theory of the case depends on that resolution of that factual issue? No, Your Honor. Our case is that filing a judicial lien on enough. Just filing it, or is it also leaving it there? Because they didn't run back to the courthouse when they had notice. You know, I think they should have removed it as soon as they got the 5905 motion. I think, you know, that also, you know, is improper. Even though they have a credible argument that they have a final judgment that therefore waives the 10-day requirement, and therefore they can issue the lien, and your motion to set aside the judgment may or may not be granted. They're supposed to withdraw the lien even though they've got a good defense? It's not credible. Yeah. Because under 6202. . . Did you get attorney fees below the state court? Did the state judge find their position frivolous or anything? Once again, the default was set aside, and the case is still active. So there's been no resolution to the underlying case. You know, I don't think the underlying case is really relevant here. But under Kentucky law, filing a judicial lien is an execution of judgment. Under 6201, a 5905 motion stays execution of judgment. It is not a credible argument to say that they can file that judicial lien on a judgment in which a 5905 motion is pending or non-final judgment. I think I understand your position. Any further questions? Judge White? Judge Scrooge? Okay, thank you, counsel.  The case will be submitted.